**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ZA'KARI DIJON | ) | CASE NO. |
| 2520 N. Hills Ct. | ) | |
| West Kalamazoo, MI 49007, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| CENTRAL OHIO TRANSIT AUTHORITY | ) | |
| 33 North High Street | ) | **JURY DEMAND ENDORSED** |
| Columbus, Ohio 43215, | ) | **HEREIN** |
| | ) | |
| Defendant. | | |

Plaintiff, Za'Kari Dijon, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

## PARTIES

1. Dijon is a resident of the city of Galloway, Franklin County, Ohio.

2. At all times herein, Dijon was acting in the course and scope of her employment.

3. Central Ohio Transit Authority ("COTA") is a public transit authority with its principal place of business located at 33 North High Street, Columbus, Franklin County, Ohio.

4. COTA is and, at all times herein, was an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Dijon is alleging a Federal Law Claim under the Civil Rights Act of 1964, 28 U.S.C. § 2000e *et seq.* ("Title VII").

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Dijon filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-00138 against COTA ("Dijon EEOC Charge").

9. On or about November 10, 2020 the Department of Justice (DOJ) issued and mailed a Notice of Right to Sue letter to Dijon regarding the Charges of Discrimination brought by Dijon against COTA in the Dijon EEOC Charge.

10. Dijon received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

11. Dijon has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Dijon has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Dijon is a former employee of COTA.

14. Dijon is a woman.

15. At all times herein, COTA knew that Dijon is a woman.

16. Dijon is transgender.

17. At all times herein, COTA knew that Dijon is transgender.

18. Dijon was assigned male at birth.

19. At all times herein, COTA knew that Dijon was assigned male at birth.

20. Dijon identifies as a woman.

21. At all times herein, COTA knew that Dijon identifies as a woman.

22. Because of Dijon's gender, she is a member of a protected class under Title VII.

23. On or about September 16, 2019, Dijon began working for COTA.

24. During the relevant period, Dijon's job title was bus operator.

25. At all times herein, Dijon was qualified for the position of bus operator.

26. On or about September 16, 2019, COTA began to train Dijon for her job.

27. During the relevant period, Leslie Wilks was Dijon's trainer.

28. Wilks did not participate in the decision to hire Dijon.

29. At all relevant times, Wilks knew that Dijon is a woman.

30. At all relevant times, Wilks knew that Dijon is transgender.

31. At all relevant times, Wilks knew that Dijon was assigned male at birth.

32. At all relevant times, Wilks knew that Dijon identifies as a woman.

33. On or about September 18, 2019, Wilks went on a rant that transgender women should not be allowed to have children ("Sexist Rant").

34. In the Sexist Rant, Wilks talked about how "disgusted" she is by cisgender women who assist transgender women to have children.

35. In the Sexist Rant, Wilks said that transgender women should not be allowed to have children because that is "not what God intended."

36. Wilks made the Sexist Rant because of Dijon's gender.

37. Wilks made the Sexist Rant because Dijon did not conform to the gender-based stereotypes Wilks expected of Dijon.

38. On or about September 19, 2019, Dijon attended a training session led by Supervisor Todd Kegler.

39. On or about September 19, 2019, Kegler explained to Dijon that all of COTA's buses had cameras that record what happens on the bus.

40. On or about September 19, 2019, Dijon asked Kegler how to obtain a recording of a bus's camera footage.

41. On or about September 19, 2019, Dijon explained to Kegler that Wilks had made sexist comments or about September 18, 2019 ("Report of Discrimination").

42. On or about September 19, 2019, Dijon explained to Kegler that she would like a video recording to prove her Report of Discrimination.

43. On or about September 25, 2019, COTA terminated Dijon's employment.

44. Dijon's termination was an adverse action.

45. Dijon's termination was an adverse employment action.

46. On or about September 25, 2019, COTA stated that the reason for Dijon's termination was that Dijon was tardy twice.

47. COTA did not terminate Dijon's similarly-situated non-female coworkers for the same or similar conduct.

48. COTA did not terminate Dijon's similarly-situated non-transgender coworkers for the same or similar conduct.

49. COTA did not terminate Dijon's similarly-situated coworkers, who did not make reports of discrimination, for the same or similar conduct.

50. COTA's stated reason for Dijon's termination was pretextual.

51. COTA's stated reason for Dijon's termination had no basis in fact.

52. COTA's stated reason for Dijon's termination was not the real reason for Dijon's termination.

53. COTA's stated reason for Dijon's termination was an insufficient basis to justify Dijon's termination.

54. On or about September 25, 2019, COTA terminated Dijon's employment because of her gender.

55. On or about September 25, 2019, COTA terminated Dijon's employment because she did not conform to gender-based stereotypes expected of her.

56. On or about September 25, 2019, COTA terminated Dijon's employment in retaliation for her Report of Discrimination.

57. As a direct and proximate result of Defendant's conduct, Dijon suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

58. Dijon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

59. Dijon is a member of a statutorily protected class based on her gender under Title VII.

60. Defendant treated Dijon differently than other similarly situated employees based on her gender.

61. Defendant discriminated against Dijon on the basis of her gender during her employment with the company.

62. Defendant terminated Dijon's employment without just cause.

63. Defendant terminated Dijon's employment based on her gender.

64. Defendant's discrimination against Dijon based on her gender violates Title VII.

65. As a direct and proximate result of Defendant's conduct, Dijon suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II:  RETALIATION IN VIOLATION OF TITLE VII

66. Dijon restates each and every prior paragraph of this complaint, as if it were fully restated herein.

67. As a result of the Defendant's discriminatory conduct described above, Dijon made the Report of Discrimination.

68. Subsequent to Dijon's Report of Discrimination, Defendant terminated Dijon's employment.

69. Defendant's actions were retaliatory in nature based on Dijon's opposition to the unlawful discriminatory conduct.

70. Pursuant to Title VII, it is an unlawful discriminatory practice to retaliate against an employee for opposing a discriminatory practice.

71. As a direct and proximate result of Defendant's conduct, Dijon suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Za'Kari Dijon respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Defendant retroactively to restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Dijon for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Dijon's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

*/s/ Trisha M. Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 410-6720
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Za'Kari Dijon*

## JURY DEMAND

Plaintiff Za'Kari Dijon demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha M. Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)